UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **MAG. NO. 19-262 (GMH)** |
| | : | |
| **JOVON GRAHAM,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**I. Procedural History**

On October 23, 2019, the grand jury returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At the initial appearance on October 22, 2019, the government orally moved for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Thursday, October 24, 2019.

**II. Legal Authority and Argument**

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal

trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  The parties may proceed by way of proffer and hearsay is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  *See* 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community.  Therefore, the defendant should be detained. *See* 18 U.S.C. § 3142(e)(1).

    A.    **Nature and Circumstances of the Offenses Charged**

On Monday, October 21, 2019 at approximately 6:36 p.m., members of the Metropolitan Police Department's (MPD) Narcotics and Special Investigation Division (NSID) Gun Recovery Unit (GRU), were on patrol when they pulled into the parking lot of 3445 Benning Road Northeast in Washington, D.C.  Officers observed several individuals walking toward the exit of the parking

lot in the southeast corner. Special Agent Farrar observed an individual later identified as the defendant make a tossing motion at the rear of a gold Dodge Durango. At the same time, MPD Officers heard the sound of a metallic object striking the pavement from behind the same gold Dodge Durango. Officer Hiller observed the defendant walking away from the rear of the gold Dodge Durango.

Officer Jacobs immediately went to the rear of the gold Dodge Durango and observed a black firearm with an extended magazine on the pavement. There were no other items on the pavement in the area that the weapon was found. Officers stopped the defendant on the front sidewalk of 3445 Benning Road Northeast.

Officers went into the store at 3445 Benning Road Northeast to view the security footage of the parking lot. The surveillance footage showed the defendant remove an object from his person, extend his arm away from his body and toss an object toward the rear of the gold Dodge Durango where the weapon was found.

The firearm was determined to be a black in color, Glock 23, .40 caliber semi-automatic handgun with a serial number of FAE984, loaded with one (1) round in the chamber and twenty-five (25) rounds in twenty-nine (29) round high capacity magazine.

      **B.**    <u>**Weight of the Evidence Against the Defendant**</u>

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is strong. The defendant making a tossing motion to an area near a vehicle and law enforcement the recovered a firearm from the same area. The firearm was loaded and included a high capacity magazine. Importantly, no other items were observed in the area from where the gun was recovered. Surveillance footage was obtained by

law enforcement, which showed the defendant remove an object from his person and toss it toward the rear of the gold Dodge Durango where the weapon was found.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. This is not the defendant's first firearm offense or felony offense. The defendant was convicted of Possession with Intent to Distribute Cocaine While Armed in 2000 and appears to have served a 15-year sentence. The government further directs the Court's attention to additional relevant information contained on pages 3 and 4 of the defendant's Pretrial Services Agency report. The government submits that the defendant should not be released.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense involves the defendant's possession of a loaded firearm with an extended magazine and out in the community, despite being legally barred from such possession. The firearm that the defendant possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:      /s/
LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorneys
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Dani Jahn via the Electronic Case Filing (ECF) system, this 23rd day of October, 2019.

/s/
Lisa N. Walters
Assistant United States Attorney